UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEW ORLEANS CITY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2570-WBV-MBN** |
| **BANK OF AMERICA CORPORATION, ET AL.** | **SECTION: D (5)** |

### ORDER AND REASONS

Before the Court is a Consent Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) and the "First Filed" Rule,[1] filed by defendants, Wells Fargo & Co, Wells Fargo Securities, LLC, JPMorgan Chase Bank, N.A., J.P. Morgan Securities, LLC, Jefferies Group, LLC, Stifel, Nicolaus & Co., Inc., UBS Securities LLC, Morgan Stanley & Co. LLC, SG Americas Securities, LLC, HSBC Securities (USA), Inc., Nomura Securities International, Inc., BMO Capital Markets Corp., Cantor Fitzgerald & Co., TD Securities (USA) LLC, BNP Paribas Securities Corp., Credit Suisse Securities (USA) LLC, Bank of America Corporation, Merrill Lynch, Barclays Bank PLC, Barclays Capital Inc., Citigroup Global Markets, Inc., and Raymond James & Associates, Inc. (collectively, "Defendants"). Plaintiffs The City of New Orleans, the New Orleans Municipal Employees Retirement System and the New Orleans Aviation Board (collectively, "Plaintiffs") consent to the Motion.[2]

After careful consideration of the Motion and the applicable law, the Motion is **GRANTED.**

---

[1] R. Doc. 89.
[2] *Id.* at p. 1.

I.  **FACTS AND PROCEDURAL HISTORY**

On September 21, 2020, Plaintiffs filed a Complaint For Damages Pursuant to the Sherman Antitrust Act, alleging that Defendants conspired to fix the prices of unsecured debt issued by certain government-sponsored entities ("GSEs") between 2009 and 2016.[3] Plaintiffs allege that Defendants' actions violated Section 1 of the Sherman Act, 15 U.S.C. § 1, *et seq.*[4]

Defendants filed the instant Consent Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) and the "First Filed" Rule on March 3, 2021.[5] Defendants assert that this case should be transferred to the Middle District of Louisiana because Plaintiffs' claims are nearly identical to the claims asserted in three earlier-filed actions brought by the same counsel on behalf of other Louisiana governmental entities, which are currently pending in the Middle District of Louisiana.[6] Defendants claim there is precedent for the requested transfer, as another Section of this Court recently granted a similar motion to transfer a case to the Middle District of Louisiana that involved many of the same defendants as in this this case.[7] Defendants contend that Plaintiffs' claims in this action also overlap substantially

---

[3] R. Doc. 1. Plaintiffs also named Credit Suisse AG and Mizuho Securities (USA) LLC as defendants in this case, but they were dismissed from the case on February 17, 2021. (R. Doc. 86).
[4] R. Doc. 1 at pp. 93-94.
[5] R. Doc. 89.
[6] *Id.* at pp. 1-2 (citing *State of Louisiana v. Bank of Am., N.A., et al.*, Case No. 3:19-cv-638 (M.D. La.); *City of Baton Rouge/East Baton Rouge Parish, et al. v. Bank of Am. N.A., et al.*, Case No. 3:19-cv-725 (M.D. La.); *Louisiana Asset Management Pool v. Bank of Am. Corp., et al.*, Case No. 3:21-cv-00003 (M.D. La.)).
[7] R. Doc. 89 at p. 9 (citing R. Doc. 163 in *Louisiana Asset Management Pool v. Bank of Am. Corp., et al.*, Case No. 2:20-cv-1095 (E.D. La. Dec. 31, 2020)).

with the claims in the three prior actions, and that transfer to the Middle District of Louisiana would serve judicial economy, comity, and sound judicial administration.[8]

## II.  LAW AND ANALYSIS

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[9] According to the Fifth Circuit, "The 'first to file' rule is grounded in principles of comity and sound judicial administration.  'The federal courts long have recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs.'"[10]  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[11]  The Fifth Circuit has clarified that the first to file rule does not require that the cases be identical, and that, "The crucial inquiry is one of 'substantial overlap.'"[12]  In determining whether substantial overlap exists, courts consider whether the core issues are the same or if much of the proof adduced would likely be identical.[13]

---

[8] R. Doc. 89 at p. 2.
[9] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted).
[10] *Id.* (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).
[11] *Save Power Ltd.*, 121 F.3d at 950 (quoting *West Gulf*, 751 F.2d at 729) (internal quotation marks omitted).
[12] *Save Power Ltd.*, 121 F.3d at 950 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).
[13] *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677 (5th Cir. 2011) (quoting *W. Gulf Maritime Ass'n*, 751 F.2d at 730; *Mann Mfg., Inc.*, 439 F.2d at 407) (quotation marks omitted).

Applying the first to file rule, the Court finds that there is substantial overlap between the claims asserted in this case and the claims asserted in the three prior cases now pending in the Middle District of Louisiana.[14] All of the cases allege facts that arise out of an alleged conspiracy to fix the prices of unsecured issued by the GSEs, including the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Bank ("FHLB"), and the Federal Home Loan Mortgage Corporation ("Freddie Mac") between 2009 and 2016. All of the cases also allege violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, *et seq*. While the other cases also allege violations under the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), there remains a substantial overlap in the Sherman Act claims, and the Fifth Circuit has held that the first to file rule does not require that the cases be identical. Additionally, approximately 20 of the 23 remaining defendants in this case are named as defendants in each of the three cases pending in the Middle District of Louisiana.[15] Further, Plaintiffs consent to the transfer, indicating that they will not be prejudiced if the case is transferred to the Middle District of Louisiana.

Because Defendants have demonstrated the likelihood of substantial overlap between this case and the three cases currently pending in the Middle District of Louisiana, the Court finds that this case should be transferred to the Middle District

---

[14] *State of Louisiana v. Bank of Am., N.A., et al.*, Case No. 3:19-cv-638 (M.D. La.); *City of Baton Rouge/East Baton Rouge Parish, et al. v. Bank of Am. N.A., et al.*, Case No. 3:19-cv-725 (M.D. La.); *Louisiana Asset Management Pool v. Bank of Am. Corp., et al.*, Case No. 3:21-cv-00003 (M.D. La.)).
[15] *See*, *State of Louisiana v. Bank of Am., N.A., et al.*, Case No. 3:19-cv-638 (M.D. La.); *City of Baton Rouge/East Baton Rouge Parish, et al. v. Bank of Am. N.A., et al.*, Case No. 3:19-cv-725 (M.D. La.); *Louisiana Asset Management Pool v. Bank of Am. Corp., et al.*, Case No. 3:21-cv-00003 (M.D. La.)).

of Louisiana under the first to file rule.  The Court finds that transfer to the Middle District of Louisiana will serve judicial economy, comity, and sound judicial administration, and will avoid piecemeal litigation of the issues in this case.

### III.   CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Consent Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) and the "First Filed" Rule [16] is **GRANTED.  IT IS FURTHER ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, March 8, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[16] R. Doc. 89.